UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARLOS WARD,

    Petitioner,

    v.                                          CAUSE NO. 3:24-CV-636-JD-AZ

WARDEN,

    Respondent.

OPINION AND ORDER

Karlos Ward, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (IYC-23-6-2313) at the Plainfield Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with a loss of 999 days earned credit time and two demotions in credit class. However, during the pendency of this habeas petition, the Appeal Review Officer reduced these sanctions to a loss of 180 days earned credit time and one demotion in credit class. ECF 20-1. In reply to this reduction, Ward has withdrawn his claim regarding excessive sanctions, so the court will not further consider this claim. ECF 35 at 4.

According to the conduct report, an investigator had discovered that Ward had a romantic relationship with an Aramark staff member and that she had brought chemically coated paper and other items to the Plainfield Correctional Facility for Ward. ECF 14-1. In the habeas petition, Ward argues that he was denied a statement from the Aramark Staff member, that he was denied a summary of the investigative report, and

that he was not allowed to review the telephone-call-related information referenced in the conduct report.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* "[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

To start, the administrative record contains numerous statements from the Aramark staff member in the investigative report. ECF 28. Further, the conduct report indicates that Ward received it more than five months prior to the disciplinary rehearing, and the conduct report is a summary of the investigative report. ECF 14-1; ECF 14-5; ECF 28. The administrative record is murkier on Ward's request to review the telephone call-related information referenced in the conduct report. The hearing report and the administrative appeal indicate that the hearing officer provided some information in response to this request but denied access to other information based on safety and security concerns. ECF 14-5; ECF 14-7. The Warden elaborates that, due to the potential for harassment, inmates are not permitted to possess personal information regarding former staff members and that this prohibition is codified as an offense in the

2

disciplinary code. ECF 14-8 at 9. Because it appears that disclosing the entirety of the telephone-call related information would pose a threat to institutional concerns, the court cannot find that the hearing officer unreasonably denied Ward's request to review it. Therefore, the denial of evidence claims are not a basis for habeas relief.

In the traverse, Ward appears to argue for the first time that the administrative record lacked sufficient evidence to find him guilty. Raising a claim in this manner was improper. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner."); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("[A] traverse is not the proper pleading to raise additional grounds."). Nevertheless, the court observes that the administrative record contains statements from the Aramark staff member, telephone communications, and other categories of evidence that strongly implicate Ward's involvement in trafficking. ECF 23 through ECF 30. On this basis, the court finds that the administrative record contains some evidence to support the charge of trafficking. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence."). Therefore, this claim is not a basis for habeas relief.

Because Ward has not asserted a valid claim for habeas relief, the habeas petition is denied. If Ward wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Karlos Ward leave to proceed in forma pauperis on appeal.

SO ORDERED on June 10, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4